### Vellerman v. King.

When a vendor rescinds a contract of sale on the ground of fraud, he may bring his action either for the damages he has sustained by reason of the fraud, or for the value of the goods sold.

An offer by the defendant for the plaintiff to take judgment, is not amendable of course. It is not a pleading which a party may amend at his own pleasure, but it is a proceeding which can be amended only by direction of the court.

The plaintiff in his complaint declared on two promissory notes amounting to $1,231.18, and on nine bills of goods sold and delivered amounting to $1,068.34, and claimed judgment for $2,300.13 with interest.

The defendant in his answer merely set up that the goods were sold on credit, and that the time of the credit had not expired when the suit was brought.

The plaintiff in his reply averred that the time of credit as to the two first bills had expired when the suit was brought, and as to the other bills, that the defendant fraudulently made the purchases, knowing that he was insolvent at the time, and with the intention not to pay for them.

The defendant accompanied his answer by an offer that the plaintiff might take judgment for $1,522, with costs. The next day he amended his offer by consenting that the plaintiff take judgment for $1,531, with costs.

On the trial the plaintiff offered to prove the fraud alleged in the reply.

*Mr. Ruthven*, for defendant, objected that the plaintiff had merely declared for goods sold and delivered, and not for the

fraud, and that if he was now permitted to prove the fraud it would be an entire change of the cause of action.

*Edmonds, J. :* He can avail himself of the fraud by rescinding the contract of sale. In that case he might declare either. for the fraud, in which case he might recover the damages he had actually sustained, without regard to the contract price of the goods, or for goods sold, and recover the value of the goods without regard to other damages he might have sustained. He has chosen the latter form of pleading, and may prove the fraud to show his right to recover on a quantum valebant and not on the special contract of sale.

Evidence was then given which the judge held not to be sufficient to prove the fraud, and it was admitted that on the two first items of goods sold, the credit had expired before suit brought, and it was held that the plaintiff could recover only for those two bills and the notes, which it appeared amounted in the aggregate to $1,526 at the time the answer was put in accompanied by the offer to take judgment.

*Mr. Ruthven,* for defendant, insisted that the plaintiff was now entitled to judgment only for the amount specified in the amended offer, and that the defendant was entitled to the costs since that time.

*Mr. Joachimson,* for plaintiff, objected that the defendant had no right to amend his offer after the answer was put in, and as at the time of the offer the plaintiff was entitled to recover more than the sum offered, namely, $1,529 instead of $1,522, so the defendant was not entitled to costs. He also claimed that the plaintiff was entitled to recover interest on the amount thus admitted to be due up to the time of trial, and as his damages would be now thus assessed in an amount exceeding the sum mentioned in the offer, the defendant must pay and not recover costs.

*Edmonds, J.:* The power of the court to order an amendment of the offer is plain enough, for under sec. 173 of the Code it extends to any pleading or proceeding, but the power of the party to amend, of course is, by sec. 172, confined to the pleading. The amendment in this case was by the party under the latter section, and not by the court. And the question therefore is, whether the offer can be regarded as a pleading, so as to be within the reach of the party's power to amend. It is clearly a proceeding which the court might amend, but I apprehend it cannot be regarded as a pleading. No issue can be taken upon it, and sec. 143 of the Code says, that the only pleading on the part of a defendant is either a demurrer or an answer. The offer is neither of these. It is a distinct proceeding to be served with the answer.

It is so regarded in both instances where it is authorized by the Code. The amended offer in this case is, therefore, of no avail to the defendant, but he is to be held to his first offer served with the answer. That was for an amount confessedly less than was then due the plaintiff, so that whether the assessment of damages is to be governed by the amount due at the time of the offer, or at the time of the trial, in either case the assessment would exceed the amount offered, and therefore the defendant is not entitled to his costs.

I do not mean to hold, as claimed by the plaintiff, that the addition of the interest that would accrue between the time of the offer and that of the trial, would be such an excess of the amount assessed over that offered, as would deprive the defendant of his right to costs. It seems to me that to allow that would be virtually repealing the statute; but it is unnecessary to decide that point, and I allude to it merely to guard against its being regarded as now decided.

The plaintiff must have judgment for the amount offered, with interest from that time, and his costs of suit.